## BUTCHER, Executor of BUTCHER v. METTS.

March 19, 1836.

*Motion in arrest of judgment.*

In *indebitatus assumpsit* for money had and received, a verdict for the plaintiff in a certain sum, *conditioned* that the plaintiff convey or release real estate to the defendant, is bad, and the judgment will be arrested.

To support a conditional verdict, which, to enforce equity principles, is allowable in Pennsylvania, it is necessary that the plaintiff's declaration should set forth, distinctly, the special circumstances upon which the equitable right sought to be established arises.

THE facts of the case were these.

The only count in the declaration was *indebitatus assumpsit* for money had and received by the defendant for the plaintiff's use.

The evidence received on the trial was, that Job Butcher, the plaintiff's testator, by indenture dated in August 1787, conveyed a lot of ground to Adam Metts in fee, reserving thereout a rent charge of 12 dollars 48 cents, payable annually by Adam Metts, his heirs and assigns, for ever. In 1797 Adam Metts died intestate, leaving a widow, Barbara Metts, and several children, one of whom was George Metts, the defendant. Barbara Metts, with some, if not all her children, continued to reside in a house erected on this lot after her husband's decease, and until the year 1827, when by virtue of proceedings agreeably to the act of assembly made for such purposes, a public street, called Juliana street, was extended from Buttonwood street to Green street; and this lot lying in its direct course, a large portion of the ground, including all the buildings erected upon the whole lot at that time, was taken for that street. Damages appear to have been claimed by Barbara Metts for the ground thus appropriated to public use, and the jury appointed by the quarter sessions awarded to her 1400 dollars, without designating in whose right they were given, or whether to her own use, or the use of her children or of other persons. This money was paid under an order of the quarter sessions, in favour of Barbara Metts, to the defendant, who gave a receipt signed "George Metts, for Barbara Metts." Barbara Metts died some time afterwards, and the defendant administered on her estate, and on the 11th of November 1831

I.—U

[Butcher v. Metts.]

filed his account in the register's office, in which he charged himself with 1191 dollars as damages awarded for opening Juliana street, leaving 209 dollars unaccounted for. This latter amount, being about the value of the rent charge reserved to his testator, the plaintiff alleged, had been received by the defendant from the county treasurer's office for his use, and some evidence was given of admissions by the defendant that he so considered it. It appeared also that the portion of the lot *not* taken for Juliana street consisted of two pieces, each of a triangular shape.

The jury rendered a verdict in the following words: "The jury agree upon a verdict in favour of the plaintiff for 308 dollars 50 cents, *conditioned* that a release in fee be conveyed on the remaining property, to George Metts, (consisting of two triangles) for the estate of Adam Metts." Within the four days allowed by the rule of court for motions for new trial, and in arrest of judgment, the plaintiff filed in court a release by the plaintiff and wife, of the part of the lot supposed to have been in the contemplation of the jury.

The defendant moved in arrest of judgment, and assigned two reasons: "1. Because the verdict is illegal. 2. Because it is void for uncertainty."

The motion was argued by

*Arundel* and *Meredith,* for the defendant, and
*I. Norris* and *J. H. Campbell,* for the plaintiff.

The opinion of the Court was delivered by

STROUD, J.—In England, and such of our sister states as have followed her example in the establishment of a *court of equity* distinct from a court of common law, the only question upon this verdict would be, whether the part of the finding of the jury beyond the mere assessment of damages, could be rejected as surplusage. It is manifest, however, that the verdict will not admit of this construction. The finding is not of two *distinct* parts. They are made to depend on each other. The first part is not found except upon the *condition* which is expressed in what follows. To preserve the intention of the jury, the whole must be retained. Witman *v.* Ely, 4 *Serg. & Rawle* 264.

Regarded then as a *conditional* verdict, can judgment be rendered upon it in our courts, where, from the want of a court of chancery, we are compelled to administer, as well as we may, a system of

jurisprudence which combines the rules of law and equity together. It is readily conceded that, with us, actions may be grounded upon *rights merely equitable*, as in Lang *v.* Keppele, 1 *Binn.* 579; and we admit defences of a similar character. Pollard *v.* Schaeffer, 1 *Dall.* 211; Jordan *v.* Cooper, 3 *Serg. & Rawle* 578. The specific execution of contracts may be enforced, also, through the medium of a *conditional* verdict in the action of ejectment; and where articles of agreement exist in covenant or debt. Cases abound in support of this doctrine.

But not to pursue the general subject beyond the exigences of the case under consideration, it may be stated, as a general principle, that where the form of action is *ex contractu*, and the plaintiff founds himself upon a *right merely equitable*, his declaration should be assimilated to a bill in equity, and should set forth distinctly the special circumstances upon which the equity he claims is supposed to arise. Jordan *v.* Cooper, 3 *Serg. & Rawle* 578, 579, 581; Witman *v.* Ely, 4 *Serg. & Rawle* 266, 267; Reichart *v.* Beidleman, 17 *Serg. & Rawle* 43.

The plaintiff here has not adopted this course. His declaration is not special. It does not profess to be founded upon an *express* contract; it is simply *indebitatus assumpsit* on a common money count. The ground upon which he mainly relied on the trial, was, that the money claimed by him had been received by the defendant *as his agent*, or on his behalf, *impliedly*, under the decree of the court of quarter sessions. As the motion before us is not for a new trial, but merely in arrest of judgment, it is unnecessary to express any opinion upon the character and strength of this pretension. We are confined to the examination whether the verdict which has been given, viewed in reference to the declaration, will warrant a judgment. And we are decidedly of opinion it will not. The finding of the jury should have been absolute. The issue joined between the parties forbids any other. Were it even conceded that the evidence received on the trial would justify the conditional verdict which has been found, in what manner would the supreme court become possessed of this; and how, otherwise, could revision take place?

If the plaintiff supposes the special circumstances which were disclosed on the trial are such as to constitute an *equitable right* in him, sufficient to sustain an action, let him adapt his declaration to the suggestions which have been made. A demurrer will then present the true question fairly before the court, and save the necessity of a

[Butcher v. Metts.]

jury trial altogether.    A course similar to this is stated to be correct where the *defence* is purely equitable ; Robinson *v.* Eldridge, 10 *Serg. & Rawle* 142 ; and the principle applies with equal fitness to *declarations* on such rights.

Judgment arrested.